21-cr-55 MJD/LIB

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** |
| Plaintiff, | 18 U.S.C. § 922(g)(1) |
| | 18 U.S.C. § 924(a)(2) |
| v. | 18 U.S.C. § 924(d)(1) |
| | 18 U.S.C. § 1028A(a)(1) |
| JARED JOHN FIEGE, | 18 U.S.C. § 1341 |
| | 18 U.S.C. § 1343 |
| Defendant. | 18 U.S.C. § 1344 |
| | 28 U.S.C. § 2461(c) |

### THE UNITED STATES GRAND JURY CHARGES:

### General Allegations

At times relevant to this Indictment:

*The Defendant*

1.     Defendant JARED JOHN FIEGE was a resident of Duluth, in the State and District of Minnesota.

*The U.S. Small Business Administration*

2.     The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

SCANNED

MAR 1 1 2021

U.S. DISTRICT COURT ST. PAUL

3.     As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders.    These loans have government-backed guarantees.

*CARES Act and the Economic Injury Disaster Relief Program*

4.     The Economic Injury Disaster Loan ("EIDL") Program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

5.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic.

6.     One source of relief provided by the CARES Act was the authorization for the SBA to provide EIDLs to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

7.     In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. If awarded, EIDL advances did not have to be repaid.

8.     In order to obtain an EIDL and an EIDL advance, a qualifying business was required to submit an application to the SBA and provide information about its operations. The applicant was required to certify that all

information in the application was true and correct to the best of the applicant's knowledge.

9.   EIDL applications were submitted directly to the SBA and processed by the agency with support from a government contractor, Rapid Finance. Any funds issued under an EIDL or advance were issued directly by the SBA into bank accounts designated by the applicant.

*Unemployment Insurance*

10.   Whereas the EIDL program was designed to assist businesses, Unemployment Insurance ("UI") was a cash benefits program designed to assist individuals. UI was a joint state-federal program pursuant to which eligible individuals who have lost employment earnings could apply for cash benefits. The Department of Employment and Economic Development ("DEED") administered UI benefits in Minnesota.

*Relevant Financial Institutions*

11.   Bank 1 was a financial institution based in the State of Minnesota holding deposits insured by the Federal Deposit Insurance Corporation.

12.   Bank 2 was a financial institution based in the State of Virginia holding deposits insured by the Federal Deposit Insurance Corporation.

13.   Bank 3 was a financial institution based in the State of South Dakota holding deposits insured by the Federal Deposit Insurance Corporation.

*The Defendant's Scheme to Defraud*

14.    From at least in or about April 2020 and continuing through August 2020, in the State and District of Minnesota and elsewhere, FIEGE knowingly and intentionally devised and executed a scheme and artifice to defraud individuals, financial institutions, and state and federal government programs, all by means of materially false and fraudulent pretenses, representations, promises and omissions.

15.    The manner in which FIEGE enacted his scheme to defraud was through identity theft of at least twenty-five real individuals, including but not limited to T.L., R.L., E.S., and C.J.

16.    For example, FIEGE submitted applications for UI benefits using the names, birth dates, and social security numbers belonging to real persons without their knowledge or consent. In order to apply for EIDL assistance and advances, FIEGE also invented fictional business entities, which he linked to the identities of real persons without their knowledge or consent.

17.    FIEGE established bank accounts with Bank 1 and requested bank cards be issued by mail to allow him to withdraw significant amounts of cash from those accounts.

18.    In some instances, FIEGE submitted the fraudulent UI and EIDL applications with phone numbers and email addresses he had access and control over, which he would then use to impersonate the people whose

4

identities he had used. FIEGE possessed numerous cell phones and registered numerous email addresses which he used in order to impersonate others. FIEGE also possessed and used fraudulent passports to impersonate certain victims, providing them as means of identity verification.

19.   In other instances, FIEGE submitted fraudulent UI and EIDL applications with mailing addresses which did not belong to the persons whose identities he used, so that he could physically steal mail from the mailboxes at those addresses to receive bank cards or other account information.

## COUNTS 1-5
### (Mail Fraud)

20.   The grand jury incorporates paragraphs 1 through 19 as if fully set forth herein.

21.   On or about the dates set forth below, in the State and District of Minnesota, the defendant,

**JARED JOHN FIEGE,**

did knowingly and unlawfully devise and participate in a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, omissions, and promises, which scheme and artifice is set forth above; and for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly caused to be sent, delivered, and moved by the United States Postal Service

and commercial interstate carrier, according to the directions therein, various mailings, items and things, including, but not limited to, the mailings described below:

| Count | Date of Mailing (on or about) | Mailing |
|---|---|---|
| 1 | May 1, 2020 | A letter from Bank 1 containing a bank card for the fraudulent account established by FIEGE using R.L.'s identity in connection with a UI application he made in R.L.'s name. |
| 2 | June 8, 2020 | A bank card mailed by Bank 2 for the fraudulent bank account established by FIEGE in C.J.'s identity. |
| 3 | June 10, 2020 | A bank card mailed by Bank 2 for the fraudulent bank account established by FIEGE in T.L.'s identity. |
| 4 | June 23, 2020 | A bank card mailed by Bank 2 for the fraudulent account established by FIEGE in E.S.'s identity. |
| 5 | On or between July 22, 2020 and August 3, 2020 | A bank card mailed by Bank 3 for the fraudulent account established by FIEGE in R.L.'s identity. |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS 6-9
### (Wire Fraud)

22.     Paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

23.     Beginning in or around April 2020, and continuing until at least in or around August 2020, in the State and District of Minnesota, and elsewhere, the defendant,

**JARED JOHN FIEGE,**

6

did knowingly and unlawfully devise and participate in a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, omissions, and promises, which scheme and artifice is set forth above; and for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, and sounds, including, but not limited to, the wires described below:

| Count | Date of Wire (on or about) | Wire |
|---|---|---|
| 6 | June 20, 2020 | Electronic submission by FIEGE of EIDL application to SBA for fictional business entity using C.J.'s identity. |
| 7 | June 23, 2020 | Electronic submission by FIEGE of EIDL application to SBA for fictional business entity using E.S.'s identity |
| 8 | June 23, 2020 | Electronic submission by FIEGE of EIDL application to SBA for fictional business entity using T.L.'s identity |
| 9 | June 26, 2020 | Electronic submission by FIEGE of EIDL application to SBA for fictional business entity using R.L.'s identity |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 10-11
### (Bank Fraud)

24.     The grand jury incorporates paragraphs 1 through 19 as if fully set forth herein.

25.     On or about the dates set forth below, in the State and District of Minnesota, the defendant,

### JARED JOHN FIEGE,

did knowingly and unlawfully devise and participate in a scheme and artifice to defraud the below-listed financial institutions, which are financial institutions then holding deposits insured by the Federal Deposit Insurance Corporation, and to obtain the moneys, funds, and assets owned by and under the custody and control of those below-listed financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, as set forth below:

| Count | Date (on or about) | Financial Institution | False and Fraudulent Pretenses, Representations, and Promises |
|---|---|---|---|
| 10 | July 24, 2020 | Bank 2 | FIEGE identified himself to Bank 2 as C.J. in order to lift an account hold related to fraudulent deposits FIEGE had made of four stolen checks into an account FIEGE held in C.J.'s name. |
| 11 | August 10, 2020 | Bank 2 | FIEGE identified himself to Bank 2 as C.J. and provided C.J.'s date of birth and social security number in an effort to make funds available in the account FIEGE held in C.J.'s name. |

All in violation of Title 18, United States Code, Section 1344.

## COUNTS 12-15
### (Aggravated Identity Theft)

26.     The grand jury incorporates paragraphs 1 through 19 as if fully set forth herein.

27.     On or about the dates set forth below, in the State and District of Minnesota, the defendant,

### JARED JOHN FIEGE,

did knowingly and unlawfully transfer, possess, and use the below-listed means of identification of another person, during and in relation to a felony violations enumerated in Title 18, United States Code, Section 1028A(c), to-wit: wire fraud, mail fraud, and bank fraud, as set forth below:

| Count | Date (on or about) | Means of Identification |
|---|---|---|
| 12 | June 20, 2020 | FIEGE used the name, date of birth, and social security number belonging to C.J. to apply for an EIDL, as referenced in Count 6. |
| 13 | June 23, 2020 | FIEGE used the name, date of birth, and social security number belonging to E.S. to apply for an EIDL, as referenced in Count 7. |
| 14 | June 23, 2020 | FIEGE used the name, date of birth, social security number belonging to T.L. to apply for an EIDL, as referenced in Count 8. |
| 15 | June 26, 2020 | FIEGE used the name, date of birth, and social security number belonging to R.L. to apply for an EIDL, as referenced in Count 9. |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 16
### (Felon in Possession of a Firearm)

28. The grand jury incorporates paragraphs 1 through 19 as if fully set forth herein.

29. On or about August 31, 2020, in the State and District of Minnesota, the defendant,

### JARED JOHN FIEGE,

having previously been convicted of the following crimes, each of which was punishable by imprisonment for a term exceeding one year, namely,

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Theft by Swindle | St. Louis County, MN | December 11, 2017 |
| Theft | Crow Wing County, MN | October 3, 2011 |

and knowing that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year and further, knowing that he was subject to court orders restraining him from harassing, stalking, or threatening another, knowingly possessed, in and affecting interstate commerce, two firearms: a Glock 43, 9 mm handgun, serial number BDYB166, and a Sig Sauer handgun, serial number 66A569604, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

10

## FORFEITURE ALLEGATIONS

30.    Upon conviction of any of Counts 1 through 9 of this Indictment, mail fraud and wire fraud, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461, any property constituting, or derived from, proceeds traceable to the violations of Title 18, United States Code, Section 1341 or violations of Title 18, United States Code, Section 1343, including, but not limited to: a 2005 Ford F-150 (VIN #1FTPW145X5FBO5707) and $189,796.00 in U.S. Currency seized on or around August 31, 2020.

31.    Upon conviction of any of Counts 1 through 9, if affecting a financial institution, or Counts 10 through 11 of this Indictment, bank fraud, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of violations of Title 18, United States Code, Section 1341 or Title 18, United States Code, Section 1343, or Title 18, United States Code, Section 1344, including, but not limited to: a 2005 Ford F-150 (VIN #1FTPW145X5FBO5707) and $189,796.00 in U.S. Currency seized on or around August 31, 2020.

32.    If convicted of Count 16 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), as incorporated by Title 28, United States Code, Section 2461(c), any

firearms, ammunition, and accessories involved in, connected with, or used in the commission of such Count, including but not limited to: a Glock 43, 9 mm handgun, serial number BDYB166, and a Sig Sauer handgun, serial number 66A569604, and any ammunition and accessories seized therewith.

33.    If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).


A TRUE BILL


_____            _____
ACTING UNITED STATES ATTORNEY        FOREPERSON

12