UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-55 (MJD/LIB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      **PARTIES' JOINT STATEMENT**
                                                   **REGARDING CARES ACT**

JARED JOHN FIEGE,

    Defendant.

Defendant Jared John Fiege, by and through his attorney, Bruce Rivers, and the United States of America, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota and Assistant United States Attorney Lindsey Middlecamp, hereby submit their joint statement in support of findings for no further delay of Mr. Fiege's change of plea hearing under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Section 15002(b)(2).

## Background

On March 27, 2020, Congress passed the CARES Act, Pub. L. No. 116-136, which allows federal courts that have been materially affected by the coronavirus outbreak to authorize the use of video teleconferencing for certain criminal proceedings. *Id.* § 15002. Specifically, felony plea and sentencing hearings may be conducted by video teleconference if (1) "the Judicial Conference of the United States finds that emergency conditions . . .

with respect to the Coronavirus Disease 2019 (COVID-19) will materially affect the functioning of [ ] the federal courts," (2) the chief judge of a district finds that felony pleas and sentencings "cannot be conducted in person without seriously jeopardizing public health and safety," and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.* § 15002(b)(2).

On March 29, 2020, the Judicial Conference made the required finding that emergency conditions due to COVID-19 will materially affect the functioning of the federal courts. *See Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic* (Mar. 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19.

On March 30, 2020, the Chief Judge for the District of Minnesota issued General Order No. 5, *In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, in which he found felony pleas and felony sentencings in the District of Minnesota "cannot be conducted in person without seriously jeopardizing public health and safety." The Chief Judge ordered:

> [I]f a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may,

2

>with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case.

*Id.* ¶ 2.

In July 2020, the United States District Court – District of Minnesota developed a protocol for in-person hearings and resumed limited in-person hearings. *See Protocol for In-Person Hearings In the District of Minnesota*, https://www.mnd.uscourts.gov/sites/mnd/files/2020-0820_Protocol-for-In-Person-Hearings.pdf. Given several factors, including high COVID-19 infection rates across the state of Minnesota, with active COVID-19 cases at record highs, on November 24, 2020, the Chief Judge for the District of Minnesota issued General Order No. 22, *In re Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*. General Order No. 22 encourages the use of videoconferencing in criminal proceedings and states, "The Court will continue to hold criminal proceedings using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available, when the defendant consents to appearing at the proceeding remotely." *Id.* ¶ 1. Pursuant to the Order, any such criminal proceedings that cannot be conducted via videoconferencing are continued until January 31, 2021. *Id.* ¶ 2.

On January 28, 2021, the Chief Judge for the District of Minnesota issued General Order No. 25, *In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*. *See* https://www.mnd.uscourts.gov/sites/mnd/files/2021-0128_COVID-19-General-Order-No25.pdf. Pursuant to General Order No. 25, any criminal proceedings that cannot be conducted via videoconferencing are continued until March 14, 2021. *Id.* ¶ 2.

On February 12, 2021, the Chief Judge for the District of Minnesota issued General Order No. 26, *In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, in which the Chief Judge encouraged the further use of videoconferencing in criminal proceedings in light of the COVID-19 pandemic. *See* https://www.mnd.uscourts.gov/sites/mnd/files/2021-0212_COVID-19-General-Order-No26.pdf. Pursuant to General Order No. 26, any criminal proceedings that cannot be conducted via videoconferencing are continued until May 2, 2021. *Id.* ¶ 2.

On April 29, 2021, the Chief Judge for the District of Minnesota issued General Order No. 28, *In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, in which the Chief Judge encouraged the continued use of videoconferencing in criminal proceedings to continue to protect public health, reduce the size of public gatherings, reduce

4

unnecessary travel, and to respond to the COVID-19 outbreak. *See* https://www.mnd.uscourts.gov/sites/mnd/files/2021-0429_COVID-19-General-Order-No28.pdf.

## The Parties' Agreement Regarding Reasons

Because the Judicial Conference and the Chief Judge of the District of Minnesota have made the required findings under the CARES Act, and because Mr. Fiege and counsel have agreed to appear by video teleconference to proceed with the change of plea hearing, this Court need only find specific reasons that the change of plea hearing in this matter cannot be further delayed without serious harm to the interests of justice. The parties agree that those reasons include the following:

1.      Mr. Fiege has been in federal custody in this case since March of 2021. He has been housed in the Douglas County Jail. Because of the COVID-19 pandemic, the Douglas County Jail has restricted inmate movement. As such, Mr. Fiege would like to move forward with his case now pursuant to a written plea agreement with the government rather than later so that he can more quickly conclude his case to arrive in a Bureau of Prisons facility. A change of plea hearing by video conference will prevent unnecessary delay of procedures and will serve to move his case to sentencing and his eventual transfer to the Bureau of Prisons.

2. A change of plea hearing by video conference will also save Mr. Fiege from having to undergo the quarantine and isolation procedures that apply at the Douglas County Jail to new inmates, and to inmates who have left the facility. It is the understanding of the parties that so long as the COVID-19 pandemic creates challenges for detention facilities, Mr. Fiege would likely be made to endure quarantine and isolation periods in order to attend an in-person hearing in federal court. A change of plea hearing by video conference will save Mr. Fiege from having to undergo quarantine and isolation procedures.

3. In addition, a video conference, currently scheduled for July 14, 2021, is preferable to an in-person hearing to minimize direct interactions that could introduce unnecessary risk of exposure to COVID-19.

Dated: July 13, 2021  Respectfully Submitted,

*s/Bruce Rivers*
Bruce Rivers
Attorney for Jared John Fiege

—and—

W. ANDERS FOLK
Acting United States Attorney

*s/ Lindsey E. Middlecamp*
By: LINDSEY E. MIDDLECAMP
Assistant United States Attorney
Attorney Reg. No. 0398529