UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-55 (MJD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

**ORDER OF DETENTION**

JARED JOHN FIEGE,

Defendant,

On May 7, 2026, Jared Fiege appeared for a detention and preliminary hearing the District of Minnesota on a petition for supervised release revocation. Mr. Fiege was represented by Catherine Turner, Esq., and Assistant United States Attorney Katharine T. Buzicky represented the United States. This Order sets forth the Court's findings of fact and conclusions of law with respect to probable cause for the alleged violations, and detention or release of Mr. Fiege.

FINDINGS OF FACT

1.      Mr. Fiege is alleged to have violated the terms of his supervised release by possessing and having access to sensitive personal identifiers, and possessing an internet-capable device without authorization. At Mr. Fiege's initial appearance, the United States made an oral motion for detention. The United States Probation Office recommended detention.

2.     Mr. Fiege exercised his right to a hearing on probable cause. The government called U.S. Probation Officer Corey Grandner, who testified that on April 1, 2026, Mr. Fiege was cited by police after a traffic camera captured an image of him holding a smart phone while driving. Mr. Fiege reported the contact to Officer Grandner but claimed he was holding a GPS device.

A few days later, Officer Grandner conducted an unannounced visit to Mr. Fiege's home. During the visit, Officer Grandner searched the home, Mr. Fiege's person, and his car. The search yielded an iPhone and an Android smart phone, neither of which Mr. Fiege had approval to possess. Mr. Fiege then admitted the traffic camera captured him holding the iPhone.

A review of the iPhone revealed images of other individuals' personal information, to include Social Security numbers, insurance information, and credit card information. Officer Smith contacted one of the individuals whose information was on the iPhone. That individual stated he never gave Mr. Fiege permission to have access to his sensitive personal information.

3.     Mr. Fiege also exercised his right to a detention hearing. The government offered Officer Grandner's testimony and several exhibits depicting information extracted from the iPhone as the basis for its motion for detention. Mr. Fiege proffered release to a family member's home as an alternative to detention.

DISCUSSION

The Court must determine whether probable cause exists to support the allegations in a petition for supervised release revocation. Probable cause can be established through evidence and testimony, or by the defendant's knowing and voluntary waiver of a hearing on that issue. Here, the Court finds there is probable cause that Mr. Fiege violated the terms of his supervised release as set forth in the petition submitted by Officer Grandner. Probable cause was established through the petition, Officer Grandner's testimony, and the government's exhibits.

The appropriate analysis for deciding the issue of release from custody pending disposition of revocation of supervised released proceedings is governed by Federal Rules of Criminal Procedure 46(d) and 32.1(a)(6). These rules provide:

> **Rule 46. Release from Custody; Supervising Detention**
>
> * * * *
> (d) **Pending Hearing on a Violation of Probation or Supervised Release**. Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release.

Fed. R. Crim. P. 46(d).

> **32.1. Revoking or Modifying Probation or Supervised Release**
> (a) **Initial Appearance**.
>
> > * * * *
> > (6) **Release or Detention**. The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing

3

> that the person will not flee or pose a danger to any other person or to the community rests with the person.

Fed. R. Crim. P. 32.1(a)(6).

18 U.S.C § 3143(a) provides:

> (a) **Release or detention pending sentence**.-(1) ... the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)....

The Court must detain Mr. Fiege unless the Court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. Mr. Fiege bears the burden of establishing that he will not flee or pose a danger to any other person or to the community.

Here, the Court finds Mr. Fiege has not met his burden with respect to the issue of danger to the community, so detention is appropriate. Mr. Fiege's conduct and related deception poses a risk to the public, especially in light of his offense of conviction. His efforts to conceal the iPhone from his supervising officer are of particular concern to the Court. In making this finding, the Court has considered Mr. Fiege's arguments and proposed alternative to detention but finds they are insufficient to satisfy the requirements of the statute.

CONCLUSION

4

The Court concludes that no condition or combination of conditions of bond will reasonably ensure the safety of the community.  Accordingly,

IT IS HEREBY ORDERED that:

1.     The motion of the United States for detention of Jared John Fiege is granted;

2.     Mr. Fiege is committed to the custody of the Attorney General;

3.     Mr. Fiege shall be afforded reasonable opportunity to consult privately with his lawyer; and

4.     Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. Fiege is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: May 21, 2026                    *S/Shannon G. Elkins*
                                       The Honorable Shannon G. Elkins
                                       United States Magistrate Judge

5